# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER LEE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11cv06153 |
| v. ) | |
| ) | The Honorable Susan E. Cox |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff seeks recovery of her attorney's fees pursuant to the Equal Access to Justice Act. For the reasons set forth below, Plaintiff's Motion for Attorneys' Fees is granted [38] and plaintiff is awarded $20,244.07.

## STATEMENT

Plaintiff, Jennifer Lee Moore ("plaintiff"), seeks recovery of her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). The Commissioner of the Social Security Administration ("Commissioner") opposes plaintiff's motion, claiming that the fees are unreasonable and that the Commissioner was substantially justified in arguing against plaintiff's application for disability benefits. For the reasons set forth below, Plaintiff's Motion for Attorneys' Fees is granted and plaintiff is awarded $20,244.07 [38].

## I.    BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act ("Act"). The application was denied by an Administrative Law Judge ("ALJ"), the Appeals Council denied plaintiff's request for review, and this court affirmed the ALJ's decision. The

Seventh Circuit reversed and remanded.[1] Plaintiff now seeks attorney's fees pursuant to the EAJA.

## II. LEGAL STANDARD

The EAJA provides successful plaintiffs in litigation with the United States with reasonable awards for attorney fees and other expenses accrued in the process of litigation.[2] For a plaintiff to recover fees under the EAJA, she must establish four things: 1) that plaintiff is a "prevailing party;" 2) that the government's position was not "substantially justified;" 3) that there are no special circumstances which would make an award unjust; and 4) the plaintiff filed a timely application with the district court.[3]

## III. DISCUSSION

The Commissioner does not dispute that plaintiff is a prevailing party and that plaintiff filed a timely application with the court. However, the Commissioner argues that the government's position was substantially justified, and that the EAJA fees requested by plaintiff are in excess of what is reasonable.[4]

### A. Substantial Justification

The Commissioner has the burden of proving that her position was substantially justified.[5] The Commissioner makes several arguments that we will condense into three: (1) the ALJ's error was not so egregious that the Commissioner's defense of it was unjustified; (2) the Seventh Circuit's rejection of one of plaintiff's arguments shows the Commissioner's position

---

[1] *Moore v. Colvin*, 743 F.3d 1118 (7th Cir. 2014) (finding that the ALJ erred in her credibility assessment and presented an unbalanced view of the evidence).
[2] 28 U.S.C. §§ 2412(b), (d)(1)(A).
[3] 28 U.S.C. §§2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d, 862, 863 (7th Cir. 2006).
[4] Def.'s Resp. to Pl.'s Mot., 1-2.
[5] *Suide v. Astrue*, 453 Fed.Appx. 646, 648 (7th Cir. 2011) (*citing Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009)); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006)).

was substantially justified, and (3) the District Court's decision to affirm the ALJ's decision shows the Commissioner's position was substantially justified.

For the Commissioner's position to be considered "substantially justified," the Commissioner does not need to be correct, but must be justified to a degree that would satisfy a reasonable person.[6] The position must have a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory propounded; and a connection between the facts alleged and the theory propounded.[7] For the Commissioner's defense of an ALJ's opinion to be unjustified, the ALJ must have ignored or mischaracterized a significant body of evidence.[8]

Though the Commissioner argues that the ALJ's error was not egregious, the Seventh Circuit found that the ALJ mischaracterized a significant body of evidence. The court explained that there were a "myriad of problems with the ALJ's assessment of the evidence," and found that "the ALJ erred in utterly failing to even acknowledge the contrary evidence . . [and] presented only a skewed version of the evidence."[9] The court pointed to "years of records" that were ignored when the ALJ "fail[ed] to even acknowledge the evidence."[10] Additionally, the court criticized the ALJ's conclusions, stating that the ALJ's finding (that some of the plaintiff's emergency room visits may be related to drug-seeking behavior) did not support the ALJ's conclusion (that plaintiff's migraines imposed no limitations on her ability to work).[11] The court concluded that the ALJ's opinion was "troubling" and "an extreme example of a problem we

---

[6] *United States v. Hallmark Const. Co.,* 200 F.3d 1076, 1080 (7th Cir.2000); *Pierce v. Underwood,* 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).
[7] *Id.*
[8] *Bassett v. Astrue*, 641 F.3d at 860 (or the Commissioner must have defended the ALJ on a forbidden basis) (*citing Golembiewski v. Barnhardt¸* 382 F.3d 721, 724 (7th Cir. 2006)).
[9] *Moore*, 743 F.3d at 1123-25 (referring to the ALJ's failure to consider medical and testimonial evidence that established a history of severe recurrent migraines in the plaintiff's medical history).
[10] *Id.* at 1124.
[11] *Id.*

have long bemoaned."[12] The court's strong language confirms that the Commissioner's defense of the ALJ's opinion was unjustified, because the court found that the ALJ had mischaracterized a significant body of evidence.[13]

The two additional arguments posed by the Commissioner also fail to warrant a denial of fees. Although the Seventh Circuit rejected of one of plaintiff's arguments, a plaintiff does not need to succeed on every argument to be entitled to fees.[14] The case must be viewed as a whole, without the influence of a single argument against the rest of the evidence.[15] In light of the opinion as a whole, the court's rejection of one argument made on appeal does not demonstrate that the Commissioner's position was substantially justified, especially considering the Court's strong language rejecting the government's arguments.[16]

Finally, our decision to affirm the ALJ's opinion is not dispositive on the issue of fees under the EAJA, as evidenced by *U.S. v. Thouvenot, Wade & Moerschen, Inc*.[17] In *Thouvenot,* the plaintiff's application for disability benefits had been denied by the ALJ, the district court affirmed, and the Seventh Circuit reversed.[18] The plaintiff filed for attorney's fees, but the district court declined to award her fees under EAJA. The Seventh Circuit once again reversed, explaining that in social security disability cases where the district court was reversed, a district judge "must accept the appellate court's view of the merits as the premise for evaluating"

---

[12] *Id.* at 1126.
[13] *Golembiewski*, 382 F.3d at 724 (stating that strong language against the Commissioner's position on the merits of a case can be evidence in support of an award of fees under the EAJA).
[14] *See, e.g., Hackett v. Barnhart*, 475 F.3d 1166, 1174 n. 1 (10th Cir.2007); *Lennard v. Argento*, 808 F.2d 1242, 1246 (7th Cir. 1987).
[15] *Summer v. Colvin*, No. 11 CV 50318, 2014 WL 3866254, at *3 (N.D. Ill. 2014).
[16] *Moore*, 743 F.3d at 1123-26.
[17] 596 F.3d 378, 384 (7th Cir. 2010). This was one of three consolidated cases concerning the interpretation of "substantial justification" with regards to requests for attorneys' fees pursuant to the EAJA.
[18] *Id.*

whether the Commissioner's position was substantially justified.[19] The Court explained that "the fact that the government was able to persuade a federal judge that it had . . . a reasonable case" is not convincing because judges sometimes make unreasonable rulings, and if the government prevails in those situations, they were not substantially justified.[20]

**B. Reasonable Fees**

The Commissioner also argues that the fees requested by plaintiff are unreasonable. The EAJA caps a plaintiff's recoverable rates at $125 an hour unless there are circumstances that warrant a higher rate. In the instant case, plaintiff requests an hourly rate of $180.58 for 2011, $184.32 for 2012, $187.02 for 2013, and $187.79 for January 2014, $188.48 for February 2014, and $190.99 for June 2014.[21] This comes to a total of $20,244.07 in attorney's fees and related nontaxable expenses.

The Commissioner argues that to receive enhanced fees, the plaintiff must provide evidence showing: (1) cost of living has increased in proportion to his attorney's fees, and (2) that others in the legal community in his region have similarly increased their fees.[22] The Commissioner's interpretation is at odds with the rule established in the Seventh Circuit, which provides that a plaintiff need only prove *either* that inflation of cost of living has increased in proportion to his requested fees, *or* that a limited availability of lawyers would be available under the standard $125 EAJA rates.[23] In the instant case, the plaintiff has proven both.

---

[19] *Id.* at 86 (*citing United States v. Paisley*, 947 F.2d 1161, 1167-68 (4th Cir. 1992)).
[20] *Id.* at 386.
[21] Pl.'s Mot., 4-5.
[22] Def.'s Resp. to Pl.'s Mot., 13-14 (*citing Mathews-Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011) (explaining that a plaintiff asking for enhanced fees based on inflation must "show that without a cost of living increase . . . a lawyer capable of competently handling [the case] could not be found in the relevant geographical area").
[23] *Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *2 (N.D. Ill. 2013) (explaining there are two alternate routes to an enhanced hourly rate: 1) inflation, **or** 2) limited availability of attorneys) (*citing Mireles v. Astrue*, No. 10–C–6947, 2012 WL 4853065, at *2 (N.D.Ill. 2012)).

To establish cost of living increases, plaintiff uses the Consumer Price Index All Items Index for All Urban Consumers, U.S. city average ("CPI"), attached as an exhibit to her motion, to calculate her attorneys' fees.[24] Since the EAJA standard was established in 1996, plaintiff divides the 2011, 2012, 2013, and 2014 (January, February, and June) CPI by the 1996 CPI to achieve the inflation for each relevant year or month. Plaintiff then multiplies the inflation rate by the standard $125 statutory maximum to come to the requested rate amounts. In addition, plaintiff submits evidence that the base rental rate for their office property has risen in proportion to the plaintiff's requested fees.[25]

To establish a limited availability of lawyers willing to work for the standard $125 fee, plaintiff has provided affidavits from other practicing Social Security attorneys, who corroborate the requested rates. Indeed, the rates of those other attorneys are significantly higher than the rates claimed by plaintiff.[26] Plaintiff has also provided detailed calculations of the increases by year, as well as an itemized time sheet demonstrating the attorneys' work efforts on the instant case.[27] These pieces of supplemental information are satisfactory in establishing a link between the increase in cost of living and the increase in the plaintiff's requested fees.[28]

---

[24] Pl.'s Mot., Ex. 1.
[25] Pl.'s Mot., Ex. 1.
[26] Pl.'s Rep., Ex. 4.
[27] Pl.'s Rep., Ex. 4.
[28] *See Bias v. Astrue*, 2013 WL 615804 at *2 (awarding plaintiff EAJA fees because he submitted 1) documents showing substantial inflation in his geographical area, 2) affidavits of other practicing Social Security attorneys whose hourly rates for comparable work reflected the fees requested by the plaintiff, and 3) evidence of increases in office rent and employee salaries).

## IV.     CONCLUSION

The Commissioner has failed to establish that her position was substantially justified and that plaintiff's request for fees were unreasonable. As such, Plaintiff's Motion for Attorneys' Fees is granted and plaintiff is awarded $20,244.07 in attorney's fees under the EAJA.

Date: 11/13/14

_____
U.S. Magistrate Judge